UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARIA T. ARRIGONI,
JEFFREY S. ARRIGONI, Individually and as
parents to Ava Arrigoni
                              Plaintiffs,                    **REPORT**
          v.                                                 **and**
                                                     **RECOMMENDATION**
UNITED STATES OF AMERICA
                              Defendant.                    **02-CV-571A(F)**


APPEARANCES:        DAVIS AUGELLO MATTELIANO & GERSTEN, LLP
                    Attorneys for Plaintiff
                    WILLIAM A. GERSTEN, of Counsel
                    17 Court Street
                    Suite 200
                    Buffalo, New York 14202

                    KATHLEEN M. MEHLTRETTER
                    ACTING UNITED STATES ATTORNEY
                    Attorney for Defendant
                    LYNN S. EDELMAN
                    Assistant United States Attorney, of Counsel
                    Federal Centre
                    138 Delaware Avenue
                    Buffalo, New York 14202


## JURISDICTION

This action was referred to the undersigned by Honorable Richard J. Arcara on

February 5, 2003, for all pretrial matters including hearing and disposition of all non-

dispositive motions and to hear and report upon dispositive motions.  The matter is

presently before the court on Defendant's motion ( Doc. No. 22), filed September 2,

2004, to dismiss the complaint, for summary judgment, and to amend the scheduling

order.

## BACKGROUND AND FACTS[1]

This Federal Tort Claims Act ("FTCA") action was commenced on August 8, 2002 for injuries Plaintiff, Maria Arrigoni ("Arrigoni"), allegedly sustained on November 19, 1999 as a result of an accident that occurred when, while attempting to back a vehicle into her driveway, the vehicle was struck by a Postal Service truck operated by Postal Service employee Lori A. Kohler ("Kohler").  Complaint ¶ 3;  Defendant's Memorandum of Law ("Defendant's Memorandum") (Doc. No. 23 ) at 2.   Arrigoni claims that as a result of the accident, she went into premature labor, requiring her to undergo, on December 11, 1999, an emergency Caesarean section, resulting in permanent scars to her body.  Complaint ¶ 9.  Arrigoni alleges that her baby, Ava Arrigoni, suffers from birth defects, including hemiparesis.   Complaint ¶ 14.

   A police report describes minor damage to the Postal Service truck and that the front bumper of Arrigoni's vehicle was scratched and scraped.  Exhibit A, Defendant's Statement of Facts Appendix, filed September 9, 2004 ("Defendant's Statement of Facts") (Doc. No. 26). Damages to Arrigoni's vehicle were estimated at $410.51. Exhibit B, Defendant's Statement of Facts.

On February 23, 2004, Arrigoni filed a Stipulation and Order dismissing the second and third causes of action in the Complaint, which alleged that Ava Arrigoni, the infant-plaintiff, sustained personal injuries caused by the accident.  (Doc. No. 18).  As a result, only the first cause of action, that Maria Arrigoni sustained serious personal injuries for which Arrigoni seeks $100,000, remains.  Complaint ¶ ¶ 8-10.

---

[1]     The fact statement is taken from the pleadings and motion papers filed in this action.

On September 2, 2004, Defendant filed, pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), the instant motion to dismiss or alternatively, pursuant to Fed. R. Civ. P. 56, a motion for summary judgment.  (Doc. No. 22).   In support, Defendant filed a Memorandum of Law ("Defendant's Memorandum") (Doc. No. 23), a Statement of Material Facts, ("Defendant's Fact Statement") (Doc. No. 25), Defendant's Appendix of Exhibits, ("Defendant's Appendix") (Doc. No. 26) and the Affidavit of Assistant United States Attorney Lynn S. Edelman.  (Doc. No. 24) ("Edelman Affidavit").  By order filed September 20, 2004 (Doc. No. 27), the court directed the scheduling order, filed May 27, 2004 (Doc. No. 21), be stayed pending the disposition of the above motions. Arrigoni failed to oppose Defendant's motion.  Subsequently, on November 5, 2004, Defendant filed the Reply Affidavit of Assistant United States Attorney Lynn S. Edelman in further support of Defendant's request for summary judgment (Doc. No. 28) ("Edelman Reply Affidavit").

Based on the following, Defendant's motion to dismiss (Doc. No. 22) should be DENIED; Defendant's alternative motion for summary judgment (Doc. No. 22) should be GRANTED, and Defendant's motion to amend the scheduling order is DISMISSED as moot.

## DISCUSSION

1.   <u>Motion to Dismiss</u>

It is well-established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41,

45-46 (1957).  The court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).  Dismissal is proper when plaintiff cannot establish a set of facts that would entitle her to relief. *Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir. 1996), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957).  In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (quoting *Allen v. WestPoint-Pepperell* Inc., 945 F.2d 40, 44 (2d Cir. 1991)).  As noted, Defendant moves to dismiss the complaint pursuant to Rule 12(b)(6) on the basis that Plaintiff failed to state a claim upon which relief can be granted.  Specifically,  Defendant contends that the Complaint should be dismissed because it fails to allege a *prima facie* claim of negligence, the sole basis for Arrigoni's remaining claim under her first cause of action.  Defendant's Memorandum at 1.

Under the Federal Tort Claims Act ("FTCA"), the elements of a negligence action are determined by reference to the applicable substantive law of the state in which the claim arose, in this case, New York.  28 U.S.C. § 1346(b)(1)*; Zuchowicz v. United States*, 140 F.3d 381, 387 (2d Cir. 1998) ("the liability of the federal government under the Federal Tort Claims Act is determined according to the law of the state in which the injury occurred").  Section 1346(b)(1) of the FTCA gives the district courts exclusive

jurisdiction over civil claims against the United States if those claims are for money damages for injury, loss of property, personal injury or death caused by the negligent or wrongful act or omission of any government employee acting within the scope of his employment, where under the same circumstances a private person would be liable under the law of the state where the negligent act occurred.  *Devlin v. United States of America*, 352 F.3d 525, 530 (2d Cir. 2003).  Under the same circumstances as alleged in the Complaint, a private person could be liable to Arrigoni for negligence under New York law. *Hodder v. U.S.*, 328 F. Supp. 2d 335, 341 (E.D.N.Y. 2004) ("Under New York's Vehicle and Traffic Law, it is the duty of both drivers to operate their automobiles with reasonable care, taking into account the actual and potential dangers existing from weather, road, traffic and other conditions."); N.Y. Veh. & Traf. § 388(1) (McKinney 2005) ("every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle . . .").  Therefore, this court has jurisdiction over this matter and to determine the instant motions.

A *prima facie* case for negligence is established under New York law when the plaintiff demonstrates (i) that the defendant owed the plaintiff a duty of care, (ii) that the defendant breached his/her duty of care to the plaintiff, and (iii) that the plaintiff was injured as a proximate result of this breach.  *Curley v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998); *Hogan v. Consolidated Rail Corporation*, 1991 WL 5142 at * 2 (W.D.N.Y. Jan. 15, 1991).  As relevant to Defendant's motion, proximate cause is established where "under all the circumstances the chain of events that followed the negligent act or

omission was a normal or foreseeable consequence of the situation created by the defendant's negligence." *Mirand v. City of New York*, 637 N.E.2d 263, 266 (N.Y. 1994).

In the instant case, Defendant owed Arrigoni a duty of care pursuant to FTCA § 1346(b) because under the same circumstances a private person would be liable to Arrigoni for negligence under New York State law.  *See* N.Y. Veh. & Traf. § 388(1) (McKinney 2005).  Moreover, Arrigoni alleges that Defendant, through its employee, Kohler, the truck driver, breached its duty of care to Arrigoni by causing the accident. Finally, Arrigoni alleges that the accident was the proximate cause of the injuries she sustained as a result of the emergency Caesarean section, approximately three weeks later, on December 11, 1999. Defendant asks the court to find, on the basis of Arrigoni's causation allegation, that it is unlikely that any evidence could be adduced to permit a rational finding of proximate cause as to Arrigoni's premature delivery and the related scarring on Arrigoni resulting from the emergency Caesarean delivery. Defendant's Memorandum at 1.

Drawing, as required, all reasonable inferences in Arrigoni's favor to determine whether the plaintiff has successfully stated a claim upon which relief may be granted, the court finds that, on the face of the Complaint, Arrigoni adequately alleges (*Jaghory*, *supra,* at 329) that the evidence may show that her asserted injuries, which occurred on December 11, 1999, were proximately caused by the Defendant's negligence. Complaint, *supra*, ¶ ¶ 1-10.  As such, Defendant's motion to dismiss should be DENIED.

2.     Motion for Summary Judgment

However, Defendant alternatively moves for summary judgment arguing that (1)

no material facts are in dispute in this case, and (2) Arrigoni has failed to provide any evidence to support her allegation that Defendant's negligence was the proximate cause of her injuries.  Defendant's Memorandum at 4.  In particular, Arrigoni has not offered any medical evidence reasonably establishing a causal connection between the accident and Plaintiff's premature labor and the related emergency Caesarean section on December 11, 1999.  Defendant's Statement of Facts at 3.  Defendant also contends that as Arrigoni failed to submit any opposition to Defendant's motion, and has not challenged Defendant's Statement of Facts, summary judgment must be granted.  Reply Affidavit at 2.

Summary judgment should be granted where the moving party can demonstrate there is no issue of material fact in dispute in the case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A material issue of fact exists when a reasonable jury could find against the moving party based upon the evidence proffered in opposition to the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)*; Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002). "All ambiguities are resolved in favor of the nonmoving party." *Kowalski v. Goodyear Tire and Rubber Co.*, 841 F.Supp. 104, 106 (W.D.N.Y. 1994) (citing *Rosen v. Thornburgh*, 928 F.2d 528, 533 (2d Cir. 1991)).  Here, discovery is now complete and Arrigoni has, for reasons not explained in the record, not submitted any admissible evidence tending to show that the injuries sued upon were proximately caused by the accident.  Plaintiff's mere assertion in the Complaint that the accident in question caused her injuries is insufficient to defeat summary judgment.  *St. Pierre v. Dyer,* 208 F.3d 394, 404 (2d Cir. 2000) (nonmoving party's mere allegation or

7

denial will not defeat the motion for summary judgment).

On the contrary, to avoid summary judgment, Arrigoni must offer some evidence to establish the reasonable merit of the claim at issue sufficient to require trial. *Podell v. Citicorp. Diners Club, Inc.,* 112 F.3d 98, 101 (2d Cir. 1997) (the nonmoving party must offer "some affirmative indication that his version of relevant events is not fanciful").  Instead of establishing a plausible link between the November 19, 1999 accident and Arrigoni's alleged injuries sustained on December 11, 1999, the available evidence submitted to the court suggests that, prior to December 11, 1999, Arrigoni suffered five unsuccessful pregnancies.  Defendant's Statement of Facts, Exhibit D (Plaintiff's Personal Health Questionnaire).  Nor does the record indicate that Arrigoni experienced any medical problems between the date of the accident and the date of the premature, emergency delivery, upon which causation may be inferred.  Thus, because no evidence supports a finding that the accident proximately caused the injuries asserted in Arrigoni's first cause of action, no reasonable trier of fact could find such fact.  While under New York law, a jury's determination of proximate cause is given deference, *Bruni v. City of N.Y.,* 811 N.E.2d 19, 24 (N.Y. 2004), such deference presupposes the existence of admissible evidence to support such a finding.  N.Y. Civ. Prac. § 3212(b) (McKinney 2005) ("the motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party"); *Lyons v. McCauley*, 675 N.Y.S.2d 375, 376 (2d Dept. 1998) ("the initial determination of whether the proof is sufficient to support such a finding is a question of law for the

8

court," citing *Cohen v. Hallmark Cards, Inc.*, 382 N.E.2d 1145, 1148 (N.Y. 1978)).

Here, the record is barren of any such evidence, and it was Arrigoni's burden to

produce it in opposition to Defendant's summary judgment request.  Fed. R. Civ. P.

56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss (Doc. No. 22) should be

DENIED; Defendant's alternative Motion for Summary Judgment (Doc. No. 22) should

be GRANTED; Defendant's Motion to Amend the Scheduling Order is DISMISSED as

moot, and the Clerk of the Court should be directed to close the file.

RESPECTFULLY SUBMITTED,


/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


Dated: October 24, 2005
       Buffalo, New York

9

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:      October 24, 2005
            Buffalo, New York